**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION**

FAMEIKA THOMAS, INDIVIDUALLY AND AS
LEGAL GUARDIAN OF MINORS M.T. AND
A.T.; LINETHEL DIAMOND AND
FRANK WALLACE, INDIVIDUALLY                                      PLAINTIFFS

vs.                                               Civil Action No. 3:08-CV-479 HTW-LRA

NBC UNIVERSAL, INC.                                                DEFENDANT

## ORDER AND OPINION

Before this court is a motion for remand [Docket No. 4] submitted by plaintiff

Fameika Thomas, individually (hereinafter "Thomas" or "plaintiffs") and as legal

guardian of minors M.T. and A.T.; plaintiff Linethel Diamond and plaintiff Frank

Wallace, individually.  Plaintiffs filed this lawsuit in the Circuit Court of Hinds County,

Mississippi, First Judicial District, and now pursuant to Title 28 U.S.C. § 1447(c)[1] asks

this court to return this litigation there, arguing that this court does not have subject

matter jurisdiction over the dispute under diversity of citizenship, Title 28 U.S.C.

§ 1332.[2]

---

[1] Title 28 U.S.C. § 1447(c) provides in pertinent part: "If at any time before final
judgment it appears that the district court lacks subject matter jurisdiction, the
case shall be remanded."

[2] Title 28 U.S.C. § 1332 provides in pertinent part:

(a) The district courts shall have original jurisdiction of all civil actions
where the matter in controversy exceeds the sum or value of $75,000,
exclusive of interest and costs, and is between-

(1) citizens of different States; ...

1

The key question here is whether defendant NBC Universal Inc.,'s (hereinafter "NBC" or "defendant") removal of this lawsuit from state court to this federal forum was proper under § 1332, diversity of citizenship. The parties are diverse in citizenship, but the question is whether this lawsuit satisfies the requisite minimum amount required by § 1332 for this court to exercise subject matter jurisdiction, that amount being $75,000.00, exclusive of costs and interest. Seeking to justify its removal of this dispute from state court to this federal forum, defendant NBC contends that the requisite amount is present because plaintiffs cannot demonstrate to a legal certainty that they will not seek to recover more than $75,000.00 given that the plaintiffs assert that they are entitled to further relief including, but not limited to punitive damages, attorney's fees, and all other damages to which they are legally entitled, in an amount to be determined at trial. For the reasons which follow, this court denies plaintiff's motion to remand and finds that plaintiffs' prayer in their complaint which seeks compensatory and punitive damages satisfies the directive of § 1332.

I.    FACTS

On Sunday, July 23, 2006, Dateline NCB nationally broadcast a televised program entitled "Separate and Unequal." The sainted aim of the program was to provide an in-depth report on race and poverty in the United States of America. The State of Mississippi was spotlighted, specifically its State Capitol, Jackson, Mississippi. A number of Jackson Mississippians were interviewed on camera about poverty, racism and discrimination. The public school system of Jackson, Mississippi, was addressed, in particular, Lanier High School, an all African-American high school located in an economically depressed area of the City.

This program appears to have been well received nationally.  In fact, the program received the RTNDA/Unity Award in 2007 for its treatment of the progress that has been made and the problems that still persist with the issues of race and poverty 40 years after the civil rights movement.

The program highlighted the family of Linethel Diamond and her husband Frank Wallace.  Also featured was Diamond's adult daughter, Fameika Thomas, and Diamond's minor children, identified here as MT and AT.  At the time of the broadcast, Fameika Thomas was the legal guardian of MT and AT.

The show revealed some private matters of Linethel Diamond's life: her former drug use and her dire financial state, which Diamond contends was exaggerated. Plaintiffs claim that neither Diamond, nor her husband Frank Wallace, nor Thomas had ever given defendant NBC written or verbal consent to display Diamond's image or to make public the private facts regarding her prior drug use and financial status.

Thomas alleges that she specifically requested NBC, through its field producer Rayner Ramirez, not to feature Diamond or any of her prior history in the story. Thomas also alleges that Ramirez represented to and assured Thomas and Diamond that the details concerning any prior drug use or Diamond's financial state would not appear unless NBC obtained permission.

Plaintiffs now claim to be very distraught over the development and also claim that the minor children did not know of their mother's prior drug use until the airing of the show.  The public revelation of these matters, say plaintiffs, has resulted in mental anguish imposed upon the minor children exposed to ridicule from the schoolmates of these minor children.

Plaintiffs' complaint advances the following causes of action:  misrepresentation, fraud, and loss of consortium.  Plaintiffs seek $75,000.00 in the ad damnum clause of their complaint and also allege that they are entitled to further relief including, but not limited to punitive damages, attorney's fees, and all other damages to which they are legally entitled, in an amount to be determined at trial.

## II.    ANALYSIS

Under Title 28 U.S.C. §1447(c), a district court must remand a case if, at any time before final judgment, it appears the court lacks subject matter jurisdiction.  Once a motion to remand has been filed, the burden is on the removing party to establish that federal jurisdiction exists.  The Fifth Circuit has held that the removal statutes are to be construed "strictly against removal and for remand."  *Eastus v. Blue Bell Creameries, L.P.,* 97 F.3d 100, 106 (5th Cir. 1996);  *see Shamrock Oil and Gas Corp. v. Sheets,* 313 U.S. 100, 108-109, 61 S.Ct. 868, 872, 85 L.Ed. 1214 (1941).

Plaintiffs cite *Little v. Evenflo Co., Inc.*, 2008 WL 2945417 (S.D. Miss., July 25, 2008), and *Knox* v. *Nationstar Mortgage*, *LLC*, 2008 WL 2564655 (N.D. Miss., June 24, 2008), for the proposition that the *ad damnum* of their complaint establishes to a legal certainty that the amount in controversy does not exceed $75,000.00. The two aforementioned cases are, however, distinguishable from the facts before this court.

In *Little*, plaintiff indicated her intent to settle the minor's claim in the case for $65,000.00.  *Little* at * 3. Defendant Evenflo did not accept the settlement demand;  it, instead, counter-offered sums in the range of $25,000.00 to $30,000.00.  *Id.* In addition, the defendant submitted no medical records and no other information from which the

court could conclude that medical expenses, treatment, and attorney fees would exceed the sum of $75,000.00.  *Id*.  The court properly remanded the case to state court finding that defendant had not met its burden of showing that the requisite jurisdictional amount was present.

In *Knox*, the court recognized that Mississippi law may limit a plaintiff's recovery to the amount pled but does not prohibit amendment to the *ad damnum* clause.  *Knox* at * 2.  The *Knox* court found that the plaintiff's motion had the effect of a stipulation precluding plaintiffs from increasing the *ad damnum* clause in state court.  *Id*.  Accordingly, the court remanded the case to state court because the case did not meet the requisite amount in controversy required to allow the case to remain in federal court.

In the present case, plaintiffs, as the masters of their complaint, could have expressly specified in their complaint that the term "damages" included both compensatory and punitive damages just as the plaintiff did in *Little*, supra.  Claims for punitive damages are included in the calculation of the amount in controversy.  *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998).  Moreover, in suits involving multiple plaintiffs seeking punitive damages under Mississippi law, the court is required to aggregate the plaintiffs' claims for punitive damages in determining the amount in controversy.  *Allen* v. *R & H Oil & Gas.*, 63 F.3d 1326, 1330. (5th Cir. 1995).

## III.  CONCLUSION

The court denies the plaintiffs' motion for remand.  Notwithstanding plaintiffs' *ad damnum* clause specifying quantitative damages of only $75,000.00, plaintiffs seek

additional demands in the "conclusion and prayer" of their complaint. Plaintiffs allege that they are entitled to further relief including, but not limited to punitive damages, attorney's fees, and all other damages to which they are legally entitled, in an amount to be determined at trial. This court, then, necessarily concludes that plaintiffs, Thomas, et al., have failed to demonstrate to a legal certainty that they will not seek to recover more than $75,000.00 from the defendant.

IT IS, THEREFORE, ORDERED AND ADJUDGED that plaintiffs' Motion to Remand is denied.

**SO ORDERED AND ADJUDGED**, this the 5th day of February, 2010.

**s/ HENRY T. WINGATE**
**CHIEF UNITED STATES DISTRICT JUDGE**


Civil Action: 3:08-cv-479-HTW-LRA
Order Denying Plaintiffs' Motion to Remand